IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTINA MARIE PIPKIN                                                          PLAINTIFF

v.                                    Case No. 4:25-cv-01025-LPR

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                        DEFENDANT

**ORDER**

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff requests an award of $7,946.40 in attorney fees, an amount to which the Commissioner does not object.[2] For the reasons discussed below, Plaintiff's motion is GRANTED.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and costs unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[3] After carefully reviewing Plaintiff's submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[4] The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[5] The Eighth

---

[1] Pl.'s Mot. for Att'y Fees (Doc. 17).

[2] *Id*. at 3; Def.'s Resp. to Pl.'s Mot. for Att'y Fees (Doc. 18).

[3] 28 U.S.C. § 2412(d)(1)(A).

[4] *Id*. § 2412(d)(2)(A).

[5] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).

Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[6]  Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[7]  Plaintiff has demonstrated that the CPI justifies a higher hourly rate, and the Commissioner does not object to the rate proposed.[8]  The Court finds that the requested hourly rate is reasonable.

Plaintiff's counsel's itemization of hours reflects that 30.80 attorney hours were spent working on this case.  After reviewing the record, the Court finds that the number of hours compensated by the fee award were reasonably expended on the litigation.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA in the amount of $7,946.40.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 19th day of May 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[6] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[7] *Id.*

[8] *See* Doc. 17-3.

2